# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAMELA TAGGART,

      Plaintiff,

v.                                      Civil No. 01-123 WJ/DJS

DLB, INC., and FATIN BIZZARI,

      Defendants / Third Party Plaintiffs,

v.

United States of America,[1]

      Defendant / Third Party Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Complaint in

Intervention, filed December 3, 2001 (Doc. 57). In March 2000, Francis Winn, a federal

employee, allegedly lost control of his car on Highway 10 going westbound. On attempting to re-

enter the westbound lane, he became involved in an accident involving Pamela Taggart's

("Taggart") vehicle and Fatin Bizzari's tractor-trailer. Fatin Bizzari ("Bizzari") is employed by

DLB, Inc. The original complaint between Taggart and Bizzari / DLB was filed in state court and

was later removed to this Court on January 31, 2001.

Intervenors are insurers for DLB, Inc. U.S. Specialty Insurance Company ("HCC")

covers DLB's medical and disability plans; Associates Insurance Company ("Associates") is the

---

[1] Following the notice of substitution by the United States of America for Francis Winn, a federal employee, the Court ordered that the caption in this case would reflect the substitution (Doc. 18).

insurer for the company's property damage.  Plaintiff argues both that the insurers' names should

not be in the caption because they are not the real parties in interest under Fed.R.Civ. P. 17, and

that their complaint should be dismissed because the Intervenors have not participated nor

cooperated in pretrial discovery.  The latter request appears to be a request for sanctions,

although not expressed as such in the pleading.

Both insurers have paid out sums of money to cover damage to the tractor-trailer Mr.

Bizzari was driving at the time of the accident, and for Mr. Bizzari's medical and surgical

expenses thus far.  Both insurers seek subrogation from Plaintiff and the Third-Party Defendant

for these expenses.  Under Rule 17 as well as applicable case law, I find that the Intervenors

should be allowed to proceed in their own names in this case.   See, U.S. v. Aetna Casualty Sur.

Co., 338 U.S. 366 ((1949) (both insured and insurer "own" portions of the substantive right and

should appear in the litigation in their own names); Lister v. Marangoni Meccanica S.P.A.,  133

F.R.D.177, 179 (D.Utah, 1990) (insurer-subrogee, who has substantive equitable rights, qualifies

as a real party in interest under Rule 17(a)) (quoting Aetna); Wattles v. Sears, Roebuck & Co.,

82 F.R.D. 446, 447 (D.Neb. 1979)(insurer-subrogee qualifies as a "real party in interest" whether

it has paid the whole loss or only a part thereof) (citing Aetna).   Plaintiff's apprehensions over

impermissibly injecting the issue of insurance coverage are premature at this stage in the litigation.

The request for dismissal of the complaint in intervention is based solely on Plaintiff's

contention that the Intervenors have failed to cooperate in pretrial discovery, rather than on any

substantive deficiency in the intervention process.  However, copies of expert disclosures under

Rule 26(a), which were submitted by the Intervenors as exhibits to their pleading, belie Plaintiff's

contention.  Apparently, Plaintiff did not propound any discovery requests to Intervenors, nor

have they ever brought any deficiencies or problems with discovery requests to the attention of this Court.  I also note that Plaintiff's motion was filed three months *after* discovery closed[2] even though Intervenors have been in the suit since June of last year.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Complaint in Intervention (Doc. 57) is hereby DENIED.

         s/ William P. Johnson
UNITED STATES DISTRICT JUDGE

---

[2] The discovery deadline was October 31, 2001 (Doc. 46).