# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAMELA TAGGART,

    Plaintiff,

v.                                                Civil No. 01-123 WJ/DJS

DLB, INC., and FATIN BIZZARI,

    Defendants / Third Party Plaintiffs,

v.

United States of America,

    Defendant / Third Party Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Intervenors Motion to Amend Complaint in Intervention, filed December 4, 2001 **(Doc. 59)**. This case arises out of a car accident that occurred in late March 2000. According to the Intervenors' initial complaint (and proposed amended complaint), Francis Winn, a federal employee, lost control of his car on Highway 10 Westbound in icy weather while attempting to pass a tractor trailer driven by Fatin Bizzari, who is employed by DLB. When Winn attempted to re-enter the westbound lane, he did so in a way that caused an accident involving Pamela Taggart's car and DLB's tractor-trailer. Taggart filed a complaint in state court naming Bizzari and DLB as Defendants, who in turn subsequently filed a third-party complaint against Winn. The United States removed the case to federal court.[1]

---

[1] The caption reflects the substitution of the United States of America for Mr. Winn, a federal employee, who was originally named as a defendant in the case (Doc. 18).

Intervenors are Associates Insurance Company ("Associates") which is the subrogated property insurer of Defendant DLB, Inc. ("DLB"), and U.S. Specialty Insurance Company f/k/a/ HCC Administrators, Inc. ("HCC") which provides DLB with medical and total disability benefits. Associates has paid out $25,520.78 for collision damage to the tractor-trailer Bizzari was driving. That amount has not changed. HCC initially covered approximately $33,530.00 of Bizzari's medical expenses. Since the original claim was made, Bizzari's expenses have risen to over almost $55,000.00 and is expected ultimately to reach about $100,000.00 since it has been determined that Bizzari needs to undergo surgery for medical complications. The Intervenors' proposed amended complaint primarily seeks to modify the damages amount. The United States Government, a third-party Defendant in this case, opposes the motion to amend on the basis of jurisdiction and also takes the position that Intervenors are limited to the damages amount claimed in the administrative claim. While I find no merit to the latter contention, I conclude that dismissing Intervenors' complaint in intervention without prejudice and allowing them to refile their complaint would resolve any concern as to this Court's jurisdiction over the case.

*Jurisdiction*

Under 28 U.S.C. § 2675, a claim cannot be brought against the United States for damages caused by a federal employee without first having presented the claim to the appropriate federal agency.[2] The claim becomes ripe for federal court jurisdiction only after the agency makes its determination on the claim - *unless* the agency fails to make a disposition of the claim six months after the administrative claim is filed. The Government claims that this Court lacks jurisdiction

---

[2] Intervenors were required to file an administrative claim under 28 U.S.C. § 2675 because Winn was a federal employee.

over the proposed motion to amend because it never had jurisdiction over the original complaint, having been filed prematurely. This contention appears to be only partially accurate, but is sufficient to raise a jurisdictional question.

Associates filed its administrative claim for property damage on December 13, 2000.[3] HCC filed its notice for medical expenses on May 31, 2001. The United States denied both claims on August 1, 2001, more than six months after Associates filed its claim, but less than six months from HCC's notice. There is no question that under the provisions of 28 U.S.C. § 2675(a), Intervenors' federal complaint filed on June 19, 2001 was timely as to Associates' claim. On the other hand, Intervenors offers no basis for why the timeliness of Associates' claim attaches to HCC's claim, which was filed less than a month before the federal complaint was filed, and less than three months before the Government issued its denial on the claims.

Intervenors attempt to take their claims outside the purview of § 2675 by arguing that because their action was not an original complaint, this Court already has jurisdiction over the parties, including the United States. However, § 2675 appears to be specific regarding what actions are exempt from its provisions: ". . . such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." Intervenors' position would be warranted only if a complaint in intervention under Fed.R.Civ. P. 24 could be considered a type of "third party complaint." Intervenors have provided support or justification

---

[3] Intervenors maintain that the correct filing date for Associates' claim is December 13, 2000, although in its response the United States says that Associate filed its claim for property damage on January 26, 2001. Resp. at 1. Since the December 13th date is reflected in correspondence from the Government, Reply, Ex. A1, I am assuming Intervenors' representation to be correct. The 6-month period for the agency to act on Associates' claim expired June 13, 2001.

for such an overly broad construction of the provision. I find that HCC's federal claim was filed prematurely, nor do I find any basis upon which to exempt HCC's claim from the administrative requirements set forth under § 2675.

Intervenors claim that the Government had been aware of their intention to amend the complaint and had not been opposed. According to the briefs and exhibits, this is only partly true. While the government may have *known* that the Intervenors intended to amend the complaint, it nevertheless was opposed to the idea. Reply, Ex. A1. The United States suggested instead that the Intervenors request dismissal of their complaint without prejudice and refile it as a new action, consolidating it with underlying action presently before the Court, Taggart v. DLB/Bizzari v. U.S.

I find that dismissal of the complaint in intervention without prejudice with an opportunity to refile and consolidate would efficiently resolve the jurisdictional flaw without causing prejudice to Intervenors.

*Damages*[4]

The proposed amended complaint modifies the amount of damages in order to take into account the additional medical expenses incurred by Bizzari. The United States seeks to limit the damages to the approximately $33,000.00 stated in the administrative claim, relying on §2675(b):

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening acts, relating to the amount of the claim.

Intervenors point out that the administrative claim filed in May 2001 included

---

[4] Although my determination as to this issue may be moot with regard to the presently proposed amended complaint, it may become relevant upon re-filing of the Intervenors' complaint.

documentation for potential additional expenses. Reply, Ex. A2. In correspondence dated November 28, 2001 A1, the United States refers to language in the claims concerning "likely future medical expenses and disability payments as per the attached." Ex. A1.[5] Given that the original claim notified the Government of potential medical expenses and that § 2675(b) envisions an amount of damages in excess of the original administrative claim in such a situation, Intervenors are not precluded from modifying the damages portion of their complaint in intervention.

**WHEREFORE**,

**IT IS ORDERED** that Intervenors Motion to Amend Complaint in Intervention, filed December 4, 2001 **(Doc. 59)** is DENIED IN PART and GRANTED IN PART, as herein described.

_____
UNITED STATES DISTRICT JUDGE

---

[5] HCC discovered that Bizzari's medical condition was worsening and that he would need surgery in late November 2001.