# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAMELA TAGGART,

    Plaintiff,

v.                                                            Civil No. 01-123 WJ/DJS

DLB, INC., and FATIN BIZZARI,

    Defendants / Third Party Plaintiffs,

v.

United States of America,[1]

    Defendant / Third Party Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Intervene by Intervenors Associates Insurance and U.S. Specialty, filed February 6, 2002 **(Doc. 82)** and a Motion for Reconsideration of Order No. 76 upon Intervenors' Motion to Amend Complaint in Intervention, filed by Third-Party Defendant United States of America on February 22, 2002 **(Doc. 84)**. This is a motor vehicle accident case which was removed to federal court. It has become inordinately complex because the driver allegedly at fault is a United States employee, and because two other insurance companies ("Intervenors") seek subrogation for the medical expenses of Third-Party Plaintiff Bizzari, and for property damage to the tractor-trailer Mr. Bizzari was driving at the time of the accident.

---

[1] Following the notice of substitution by the United States of America for Francis Winn, a federal employee, the Court ordered that the caption in this case would reflect the substitution (Doc. 18).

*Intervenors' Motion to Intervene*

In order to resolve a jurisdictional question concerning the timeliness of Intervenors' federal court claims, on January 31, 2002, an Order was entered dismissing without prejudice Intervenors' third party complaint which was originally filed in this Court on June 19, 2001 (Doc. 76 -- the "Order No. 76" which Third-Party Defendant United States of America now asks the Court to reconsider).[2] The Order specifically allowed Intervenors to refile their third-party complaint as a new action which would be consolidated with the underlying action. Intervenors refiled their amended complaint in intervention on February 6, 2002.

Although the Government had previously supported the idea of dismissing Intervenors' federal complaint without prejudice,[3] it now urges the Court to deny Intervenors' refiled complaint on the grounds that it is untimely, *including* Associate's complaint, which the Court previously had found to be timely filed prior to its dismissal. The Government's reasoning is that the deadline for refiling expired on February 1, 2002, exactly six-months from the August 1, 2001 denial deadline of the Intervenors' administrative claim -- and exactly one day after the Court entered its Order dismissing Intervenors' complaint to allow refiling. Thus, by the Government's calculations, the refiled complaint is four days late and is outside of this Court's subject matter

---

[2] I had determined that the complaint was timely as to Associate Insurance Company ("Associate") but not as to HCC Administrators, Inc. Associate filed its complaint in intervention more than six months after it had submitted its administrative claim to the Government (although prior to denial of the same), which rendered it timely under 28 U.S.C. § 2675(a). However, because HCC filed its administrative claim five months after Associates did, HCC's complaint in intervention was premature.

[3] See United States' Response to Intervenors' Motion to Amend Complaint in Intervention (see Doc. 63, at 2).

jurisdiction.[4]

The objective of the Court's dismissal order was to address a somewhat grey jurisdictional matter without causing undue prejudice to the Intervenors, particularly since Associates' complaint was timely. By sheer coincidence, the date of the Court's Order of dismissal left one day for Intervenors to refile the amended complaint. Had the Order been entered a day later, the dismissal would have operated to Intervenors' detriment in that their claim may have been barred.

I need not consider whether it would be appropriate to equitably toll Intervenors' amended complaint -- which has been on file with the court since December 4, 2001 (see Doc. 59) -- not so much because the Government discourages application of equitable tolling but because the Intervenors' suggestion is more efficient. Since no final judgment has been entered in this case, I may amend the Court's Order which dismissed Intervenors' original complaint in intervention as follows: vacating the dismissal of Associates' Intervention; dismissing HCC's intervention without prejudice as of January 31, 2002, and granting the amended complaint proposed by HCC at that time as a new Intervention by HCC (and amended Intervention by Associates) deemed filed as of February 1, 2002. These modifications resolve the jurisdictional issues without prejudice to the Intervenors.

*The Government's Motion to Reconsider*

Having revisited Intervenors' motion to amend the complaint in intervention and having concluded both that it should be granted and that it is timely as to both Intervenors, I see no reason to reconsider my previous ruling which essentially allows Intervenors to amend that

---

[4] The Government refers to the six-month statute of limitations for tort claims against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2401(b).

portion of the complaint which modifies the amount of damages.  See Court's Order, Doc. 76 at 4-5.  The Government has not presented the Court with any legal or factual basis upon which to reconsider the issue, and thus its motion will be denied.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

**THEREFORE**,

**IT IS ORDERED** that the Motion by Intervenors Associates Insurance and U.S. Specialty to Intervene **(Doc. 82)** is hereby GRANTED

**IT IS FURTHER ORDERED** that the Court's Order of January 31, 2002 **(Doc. 76)** is hereby AMENDED by  **(1)** VACATING the dismissal of Associates' Intervention; **(2)** DISMISSING HCC's intervention without prejudice as of January 31, 2002; and **(3)** GRANTING the amended complaint proposed by HCC at that time as a new Intervention by HCC (and amended Intervention by Associates) deemed filed as of February 1, 2002;

**IT IS FINALLY ORDERED** that the Motion for Reconsideration of Order No. 76 upon Intervenors' Motion to Amend Complaint in Intervention, filed by Third-Party Defendant United States of America **(Doc. 84)** is hereby DENIED.

```
                                    _____
                                        UNITED STATES DISTRICT JUDGE
```